UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD BEMIS, individually and
on behalf of all others similarly
situated,
      Plaintiff,

v.                                  Case No. 2:25-cv-00418

KARMAGREEN LLC, and JAMES
P. MORRISETTE,

      Defendant,
_____/

## ORDER

Before the Court is Defendants Karmagreen, LLC and James P. Morrissette's Motion to Dismiss Plaintiff Ronald Bemis's First Amended Complaint and To Strike Certain Class Allegations. (Doc. 37.)[1] Bemis has responded (Doc. 39), making this matter ripe. For the reasons below, Defendants' motion to dismiss is **GRANTED** and their request to strike the class allegations is **DENIED as moot**.

### I. Background

Here are the relevant facts taken from the operative complaint. Morrisette is the owner and president of Karmagreen. (Doc. 33 ¶¶ 2, 6, 12.) Karmagreen made and sold a product dubbed "Tianaa," which contains "a psychoactive drug called tianeptine." (*Id.* ¶ 2.) "Tianeptine causes dependence

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

and addiction by stimulating the release of dopamine in the limbic system of the brain." (*Id*. ¶ 20). And Tianaa consumption "creates a great risk of addiction, dependency, and painful withdrawal symptoms, among other negative effects." (*Id*. ¶ 34.)

Bemis allegedly purchased and used Tianaa after reviewing and relying on its front label. (*Id*. ¶ 9.) The label claims that Tianaa "contains natural products" and is a "dietary supplement":

 

(*Id*. ¶¶ 8-9, 31.)

When Bemis stopped using Tianaa, "he was wracked by intense physical and psychological withdrawal symptoms that were substantially similar to [that of] traditional opiates." (*Id*. ¶ 9.) Bemis allegedly wouldn't have bought Tianaa had he known it was "extremely physically and psychologically addictive." (*Id*.).

Bemis consequently brings a class action against Defendants under the Illinois Consumer Fraud Act (ICFA). (*Id.* ¶ 68.) He claims Defendants knew Tianaa was highly addictive and deceptively concealed its addictiveness. (*Id.* ¶¶ 45-46.) Specifically, he alleges "Defendants fail[ed] to disclose that Tianaa has the same, if not higher potential for addiction as opioids, should not be taken on a daily basis, will result in opioid-like dependency, and will cause adverse effects upon withdrawal." (*Id.* ¶ 45.) Defendants now move to dismiss the complaint. (Doc. 37.)

## II. Discussion

Defendants attack Bemis's complaint from all angles. They first challenge standing. They then attack the merits. And finally, they request that the class allegations be stricken. The Court concludes that although Bemis has standing, he hasn't sufficiently stated an ICFA claim. As a result, this complaint must be dismissed, and the class allegations point is moot. The Court tackles each issue in turn.

### a. Standing

Article III of the Constitution limits federal jurisdiction to cases or controversies. U.S. Const. art. III, § 2. Among other things, this permits district courts to "hear a case only when the plaintiff has standing to sue." *Baughcum v. Jackson*, 92 F.4th 1024, 1030 (11th Cir. 2024). "To have standing, an individual plaintiff must have suffered an injury in fact, fairly

traceable to the defendant, that the court can redress with an order directed at the defendant." *Berrocal v. Att'y Gen. of United States*, 136 F.4th 1043, 1049 (11th Cir. 2025). Absent any of these elements, the court lacks subject matter jurisdiction over the claim. *E.g., Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020).

Parties may contest a court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Watson v. Kingdom of Saudi Arabia*, No. 24-11310, 2025 WL 3137641, at *9 (11th Cir. Nov. 10, 2025). Such challenges come in two forms: "facial attacks" or "factual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial attacks require the court look only at the complaint to see whether the "plaintiff has sufficiently alleged a basis for subject matter jurisdiction." *Id.* at 1529; *see also Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997). "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings." *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits." *Makro Cap. of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008). And the court is "free to weigh [such] evidence" without presuming the complaint's truthfulness. *Id.*; *see also Lawrence*, 919 F.2d at 1529.

It "is extremely difficult to dismiss a claim for lack of subject matter jurisdiction." *Garcia*, 104 F.3d at 1260. Yet Defendants give it a try. They first insist it is implausible that Bemis purchased Tianaa, offering Morrissette's declaration as proof. Bemis allegedly bought Tianaa from a Tinley Park, Illinois store in December 2024 and January 2025. Morrisette's declaration claims Karmagreen never sold Tianaa to any Tinley Park stores. It also asserts that Karmagreen neither produced nor sold Tianaa after February 2024. Even accepting this evidence as true, it doesn't undermine jurisdiction. Nothing suggests Tianaa was unavailable when Bemis allegedly bought it. And it is possible that the Tinley Park stores Bemis frequented got Tianaa from a third-party. So Defendants haven't shown that these allegations are implausible as a matter of law.

Defendants next contend that the complaint has traceability problems. They reason that Bemis cannot plead that Tianaa caused his injuries since he concurrently bought and consumed another tianeptine product. But this argument implicates an element of Bemis's underlying ICFA claim—causation. *See Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010) ("[T]o prevail under ICFA, a plaintiff must demonstrate that the defendant's conduct is the proximate cause of the injury."); *Inteliquent, Inc. v. Free Conferencing Corp.*, 503 F. Supp. 3d 608, 648 (N.D. Ill. 2020). So the Court must "assume the element is satisfied for jurisdictional purposes." *Maron v.*

*Chief Fin. Officer of Fla.*, 136 F.4th 1322, 1329 (11th Cir. 2025); *see also Garcia*, 104 F.3d at 1261. The Court is thus satisfied Bemis has standing to sue.

### b. The ICFA Claim

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face." *Middleton v. The Hollywood Rep. LLC*, 137 F.4th 1287, 1294 (11th Cir. 2025). "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Watts v. Joggers Run Prop. Owners Ass'n, Inc.*, 133 F.4th 1032, 1039 (11th Cir. 2025). All well-pled facts are taken as true and viewed in the light most favorable to the plaintiff. *E.g.*, *Speaker v. U.S. Dep't of Health & Hum. Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). But the complaint must allege more than "labels and conclusions," and "formulaic recitation[s] of the elements of a cause of action" won't suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The ICFA is a "regulatory and remedial statute intended to protect consumers" from "fraud, unfair methods of competition, and other unfair and deceptive business practices." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019). "To plead a deceptive practices claim under

the ICFA, a private plaintiff must allege: (1) that the defendant engaged in a deceptive or unfair practice; (2) with the intent that the plaintiff (or others) rely on the deception; (3) that the act occurred in the course of trade or commerce; and (4) that the deception caused actual damages.*" Kahn v. Walmart Inc.*, 107 F.4th 585, 598 (7th Cir. 2024).

As to the first element, "a statement is deceptive if it creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001). An omission of a material fact can be deceptive under the ICFA. *See Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 915 (N.D. Ill. 2013). But "an 'omission' is an omission from a communication, rather than a general failure to disclose." *Castillo v. Unilever United States, Inc.*, No. 20 C 6786, 2022 WL 17976163, at *4 (N.D. Ill. Dec. 28, 2022) ("All Plaintiffs allege is a general failure to disclose, and without pointing to any statement regarding safety that conveys a material omission that they relied on, they have no viable omission-based ICFA claim."); *see also Fleury v. Gen. Motors LLC*, 654 F. Supp. 3d 724, 732 (N.D. Ill. 2023); *Darne v. Ford Motor Co.*, No. 13 CV 03594, 2017 WL 3836586, at *10 (N.D. Ill. Sept. 1, 2017). Put differently, an omission isn't ICFA-actionable unless it's tied to a specific communication concerning the same topic. *See Bondick v. Ricoh Imaging Americas Corp.*, No. 21 C 6132, 2022 WL 2116664, at *3-4 (N.D. Ill. June 13, 2022) (dismissing ICFA claim where the plaintiff didn't

"present any specific communication from [defendant] beyond its general distribution and holding out of the product"); *see also In re Trader Joe's Co. Dark Chocolate Litig.*, No. 3:23-CV-0061-RBM-DTF, 2025 WL 951269, at \*2, 9 (S.D. Cal. Mar. 27, 2025); *Kampmann v. Procter & Gamble Co.*, 699 F. Supp. 3d 678, 691 (C.D. Ill. 2023).

As mentioned, Bemis claims that Defendants deceptively failed to disclose Tianaa's addictiveness. He only alleges to have reviewed and relied on the product's front label, so that is all we're concerned with. *See Santiago v. Tesla, Inc.*, 757 F. Supp. 3d 831, 843 (N.D. Ill. 2024) ("A consumer cannot maintain an action under the [ICFA] when [he] does not receive, directly or indirectly, communication or advertising from the defendant."); *Tri-Plex Tech. Servs., Ltd. v. Jon-Don, LLC*, 241 N.E.3d 454, 462 (Ill. 2024) ("If the plaintiff has neither seen nor heard a deceptive statement, it cannot have relied on the statement and, consequently, cannot prove that the statement was the proximate cause of its injury."); *De Bouse v. Bayer*, 922 N.E.2d 309, 316 (Ill. 2009) ("If a consumer has neither seen nor heard any such statement, then she cannot have relied on the statement and, consequently, cannot prove proximate cause.").

Tianaa's front labels state it is a "dietary supplement" that "contains natural products." Neither statement signals that the product is safe, nonaddictive, or side effect-free as Bemis claims. *See Castillo*, 2022 WL

17976163, at *3 (hair product's statements that it would smooth and shine hair did "not suggest the absence of formaldehyde or relate to safety in any way"); *cf. Kaufman v. CVS Caremark Corp.*, 836 F.3d 88, 95 (1st Cir. 2016) ("If a particular dietary supplement functions to harm health in the supplied or recommended dosage, a label claiming that the product supports health is plausibly viewed as misleading."); *Markoff v. Athena Cosms., Inc.*, 764 F. Supp. 3d 733, 744 (N.D. Ill. 2025). Nor do those statements reasonably convey the absence any such problems, even when taken together. *Cf. Raya v. Mead Johnson Nutrition Co.*, 758 F. Supp. 3d 819, 832 (N.D. Ill. 2024) (infant formula's packaging conveyed "product was safe and nutritious" by "emphasiz[ing] its nutritious ingredients"); *Lipton v. Chattem, Inc.*, No. 11 C 2952, 2012 WL 1192083, at *2 (N.D. Ill. Apr. 10, 2012) (product's safety reasonably conveyed where weight loss supplement billed itself as "#1 Pharmacist Recommended Appetite Suppressant" and discussed product's safety on its website).

Put simply, a reasonable consumer who picked up Tianna would not believe that the product was free from ingredients that could cause harm. The label conveys nothing about safety, or more specifically addictiveness, at all. So while Bemis claims he was misled into thinking Tianaa was "safe," "suitable," or "harmless," nothing he relied on specifically communicated that. *See In re Trader Joe's Co. Dark Chocolate Litig.*, No. 3:23-CV-0061-

9

RBM-DTF, 2025 WL 951269, at *2, 9 (S.D. Cal. Mar. 27, 2025) (dismissing ICFA claim where product contained heavy metals yet its label stated "nothing affirmative" on that topic). Bemis's omission-based ICFA claim therefore fails. *See In re Plum Baby Food Litig.*, No. 4:21-CV-00913-YGR, 2024 WL 1354447, at *9 (N.D. Cal. Mar. 28, 2024) ("[P]laintiffs fail to point to any statement regarding safety that conveys a material omission upon which they relied. Thus, they have no viable omission-based ICFA claim."); *Castillo*, 2022 WL 17976163, at *4 (dismissing omission-based ICFA claim where plaintiff claimed hair shampoos and conditioners misleadingly omitted that they contained DMDM hydantoin and could expose users to formaldehyde when product made no representations suggesting the absence of those products or "relat[ing] to safety in any way").

Bemis also alleges that Tianaa deceptively claimed it contained natural products since it also had unnatural compounds (namely, tianeptine). But the natural ingredients label "does not amount to an affirmative representation that the [p]roduct is free from artificial [ingredients.]" *Boss v. Kraft Heinz Co.*, 690 F. Supp. 3d 912, 914 (N.D. Ill. 2023). Nor does it render the "dietary supplement" tag misleading. *See Ibarolla v. Nutrex Rsch., Inc.*, No. 12 C 4848, 2013 WL 672508, at *6 (N.D. Ill. Feb. 25, 2013) ("Plaintiff has not stated a claim for fraud by alleging that Defendants marketed the Product as a dietary supplement while omitting any warning that it contained a synthetic

ingredient."); *Hammer v. Vital Pharms., Inc.*, No. CIV.A. 11-4124, 2012 WL 1018842, at *5 (D.N.J. Mar. 26, 2012) ("Plaintiff appears to allege that because apple geranium contains 1, 3, Dimethylpentylamine, it was improper to label Clenbutrx as a dietary supplement. Plaintiff's allegations fall short of stating a viable claim."); *cf. Markoff v. Athena Cosms., Inc.*, 764 F. Supp. 3d 733, 744 (N.D. Ill. 2025).

Bemis has not pled an actionable ICFA claim. Defendants' failure to disclose Tianaa's addictiveness cannot itself create liability. And none of the statements on the label "convey[] a material omission upon which [Bemis] relied." *In re Plum Baby Food Litig.*, 2024 WL 1354447, at *9. With no actionable claim, the complaint must be dismissed.

One last issue. Bemis seeks "leave to amend to cure any . . . deficiencies" found in the complaint. (Doc. 39 at 24.) This request is denied because no amendment can change the underlying problem here. Bemis cannot plead around Tianaa's front label that he relied on. The label lacks a material omission regarding the product's addictiveness or safety, regardless of what Bemis were to say.

### c. The Class Allegations

Because Bemis's ICFA claim fails, Defendants' motion to strike its corresponding class allegations is moot. *See Alexander v. PHH Mortg. Corp.*, No. 1:25-CV-01006-MHC-WEJ, 2025 WL 2094084, at *8 (N.D. Ga. June 5,

2025); *Cochran v. Penn Mut. Life Ins. Co.*, No. 1:19-CV-00564-JPB, 2020 WL 13328617, at *6 (N.D. Ga. Aug. 12, 2020); *Nassar Cure v. Intuitive Surgical Inc.*, No. 1:16-CV-1948-ODE, 2017 WL 498727, at *4 (N.D. Ga. Jan. 31, 2017).

### III. Conclusion

Defendants' motion to dismiss and strike class allegations (Doc. 37) is **GRANTED IN PART** and **DENIED IN PART**. Bemis's complaint is **DISMISSED with prejudice**. Defendants' request to strike the class allegations is **DENIED as moot**. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions or deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on December 18, 2025.

Kyle C. Dudek
United States District Judge